**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSE DANIEL PINEDA ROA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; DAVID WESLING, Field Office Director; DAVID VENTURELLA, Acting Director U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, Acting Attorney General of United States,<br><br>Respondents. | Civil Action No. 26-CV-13315-AK |

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION TO ENFORCE**

**ANGEL KELLEY, D.J.**

Before the Court is Petitioner Jose Daniel Pineda Roa's Motion to Enforce the Petition for Writ of Habeas Corpus. [Dkt. 13]. On July 20, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Dkt. 1], which was amended on July 23, 2026 [Dkt. 8]. On August 3, 2026, the Court granted the Petition. [Dkt. 11]. On August 13, 2026, Respondents filed a Status Report indicating that Petitioner received a bond hearing but was denied bond because the immigration judge (IJ) found him to be a danger to the community. [Dkt. 12]. That same day, Petitioner filed a Motion to Enforce the Petition for Writ of Habeas Corpus, alleging that Petitioner's bond hearing violated Petitioner's due process rights. [Dkt. 13]. Respondents opposed, arguing that 8

U.S.C. § 1226(e) strips this Court of jurisdiction and that Petitioner did not exhaust his administrative remedies. [Dkt. 14]. Respondents did not present any arguments on the merits.

As a preliminary matter, for the reasons laid out in this Court's order in Correia De Pina v. Moniz et al, 26-CV-12262, [Dkt. 17 at 3-5] (D. Mass. Sep. 2, 2026), 8 U.S.C. § 1226(e) does not bar this action, and Petitioner need not exhaust administrative remedies.

Turning to the merits, Petitioner's bond hearing was constitutionally deficient for three reasons. First, IJs must determine that the evidence they rely upon is "reliable and that its use would not be fundamentally unfair." Arias-Minaya v. Holder, 779 F.3d 49, 54 (1st Cir. 2015). The IJ found that Petitioner was a danger to the community based upon two arrests and their supporting police reports: (1) an arrest for domestic violence in 2023 and (2) an arrest for failing to stop for the police, negligent operation of a motor vehicle, and disorderly conduct in 2026. The IJ did not discuss the reliability or fairness of relying upon this evidence. The need for a reliability and fairness finding is particularly stark in a case, such as this, where (a) the only violent charges, the domestic violence charges, were dropped, (b) Petitioner alleges that he was the victim of domestic violence and has filed a Form I-360 for a visa because of this status, (c) the charges for failing to stop and disorderly conduct were dismissed, and (d) the charge for negligent operation of a motor vehicle was resolved by a continuance without a finding.

Second, apart from a section of the order where the IJ notes that Petitioner submitted an evidence packet, there is no indication that the IJ considered Petitioner's evidence. The IJ's failure to address these complexities demonstrates that he did not provide "reasoned consideration to the evidence as a whole, made supportable findings, and adequately explained [his] reasoning." Barnica-Lopez v. Garland, 59 F.4th 520, 530 (1st Cir. 2023). Third, there is no indication that the IJ considered any alternatives to detention. Costa v. McDonald, No. 25-CV-

13469, 2026 WL 371198, at *3 (D. Mass. Feb. 10, 2026) ("[T]he Immigration Judge's failure to consider whether alternatives to detention or other less restrictive means could address the risks of danger posed by Petitioner to the community was constitutionally deficient."). For these reasons, Petitioner's Motion for Injunctive Relief [Dkt. 13] is **GRANTED**.

Having concluded that Petitioner was not afforded a constitutionally adequate bond hearing, the Court turns to remedy. The Court has significant discretion in determining the appropriate remedy. See United States v. Torres-Otero, 232 F.3d 24, 30 (1st Cir. 2000) (in the § 2255 context, the "remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy."). Upon careful consideration of the record, the Court concludes that the proper remedy is a new bond hearing with a different immigration judge.

Accordingly, Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order, with an immigration judge other than Judge Julian Nierva. Respondents are further **ORDERED** to provide the immigration judge with a copy of this order at Petitioner's bond hearing. In that bond hearing, the immigration judge must expressly state the following findings on the record : (1) whether the government has proved by clear and convincing evidence that Petitioner poses a danger to the community or by a preponderance of the evidence that he poses a flight risk; and (2) if the government has carried its burden: (a) the particular evidence by which the government carried its burden; (b) how the immigration judge considered and weighed the information Petitioner provided in relation to the government's evidence; (c) the chain of reasoning connecting the evidence to the finding of dangerousness or flight risk; and (d) the reasons why less-restrictive alternatives to detention, such as GPS monitoring, would be ineffective to mitigate any risk.

**SO ORDERED.** Dated: September 4, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge